IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER A. MADONNA, : | | CIVIL ACTION |
| Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | |
| GREGORY J. FRANCISCO, *et al.*, : | | |
| Defendants. : | | No. 13-807 |

MEMORANDUM

PRATTER, J.                                                                                                              MARCH 13, 2014

Plaintiff Christopher Madonna, unable to collect on a default judgment obtained in state court against non-party Kinesis, now seeks to collect on that judgment from Kinesis's alter ego, Defendant Gregory Francisco, and Kinesis's successor, Defendant AvanuOne LLC. Both Defendants filed a motion to dismiss the Second Amended Complaint. The Court will deny AvanuOne's motion and will deny in part and grant in part Mr. Francisco's motion.

BACKGROUND

Mr. Madonna, a former professional baseball player and former baseball coach for Villanova University, seeks to enforce an outstanding default judgment, which was entered in Pennsylvania state court against Kinesis Software, LLC and Kinesis Software, Inc. (hereinafter, "Kinesis"). The Kinesis entities are not parties to this suit. Mr. Madonna seeks to satisfy the state court default judgment by piercing the corporate veil to collect from either Defendant Gregory Francisco, the owner, president and treasurer of Kinesis, who, Mr. Madonna claims, is Kinesis's alter ego, or Defendant AvanuOne, who Mr. Madonna alleges is the successor to Kinesis.

1

According to the Second Amended Complaint, in September 2007, Mr. Francisco recruited Mr. Madonna, based on his reputation as an athlete, to assist with the marketing and sales of the Kinesis "First Choice Athlete" business, which features the "Coachware" software product. Mr. Madonna entered into an employment contract with Kinesis under which Mr. Madonna would receive $60,000 annually, plus 8% in commissions, for his services.

However, Mr. Madonna alleges, Mr. Francisco failed to fulfill his end of the bargain, as he refused to compensate Mr. Madonna for his services. On June 3, 2010, Mr. Madonna filed suit against Kinesis in the Court of Common Pleas of Delaware County ("the state court lawsuit"), seeking recovery of his owed salary and commissions. On February 1, 2011, the Court of Common Pleas entered default judgment ("Judgment") against Kinesis for $73,319. Kinesis did not appeal from this Judgment.

On May 11, 2010, AvanuOne purchased the assets of Kinesis in an Asset Purchase Agreement. Mr. Madonna claims that since the time of the asset purchase, AvanuOne has marketed and sold the "Coachware" product that Kinesis previously marketed and sold, and in so doing, has continued to reap the benefits of Mr. Madonna's still uncompensated efforts in marketing and selling the product.

On February 14, 2013, Mr. Madonna filed suit in this Court seeking enforcement of the outstanding Judgment, which he claims was valued at $80,284.05 as of November 1, 2012. Mr. Madonna claims that Mr. Francisco executed the 2010 Asset Purchase Agreement between Kinesis and AvanuOne for purposes of evading liabilities incurred by Kinesis, specifically the liability of the salary and commissions owed to Mr. Madonna.

In this action, Mr. Madonna seeks to pierce the corporate veil to hold Mr. Francisco and AvanuOne liable for the state court judgment entered against the Kinesis entities. He claims

2

that, for example, Mr. Francisco withheld payroll deductions for unemployment compensation but failed to make payments to the appropriate authorities and that he used company money to pay his son's tuition.  He also claims, solely on information and belief, that Mr. Francisco depleted assets of Kinesis for his own interests, failed to maintain corporate formalities as a Kinesis corporate officer, defrauded him, and diverted the remaining assets of Kinesis to AvanuOne for purposes of evading liabilities incurred by Kinesis (and may have "hid[den]" the liability of his owed compensation from AvanuOne at the time of the asset purchase).  He also alleges that the Judgment, incurred as a corporate debt of Kinesis, is now a corporate debt of AvanuOne because the sale of Kinesis's assets to AvanuOne was accomplished to prevent Kinesis's creditors from collecting their due.

Further, Mr. Madonna alleges that both Mr. Francisco and AvanuOne are liable for unjust enrichment because they "received and continue to receive benefit from the efforts, reputation and goodwill generated by [Mr. Madonna] while he was employed by the Kinesis entities and working to develop the business of First Choice Athlete" without ever compensating Mr. Madonna for his services.  As to each of his three claims, Mr. Madonna requests relief in the form of judgment in the amount of "$80,284.05, plus pre and post judgment interest, attorneys' fees and costs and award such further relief that this Court deems just and equitable."

Both Defendants moved to dismiss Mr. Madonna's original Complaint, and the Court granted Mr. Francisco's motion in part, to the extent that he argued that Mr. Madonna had failed to properly plead AvanuOne's citizenship for the purpose of determining diversity jurisdiction. Mr. Madonna filed an Amended Complaint, curing that defect, and the Defendants again moved to dismiss.  The Court denied AvanuOne's motion attacking Mr. Madonna's allegations with respect to the amount in controversy, and, after oral argument, denied as moot Mr. Francisco's

motion, giving Mr. Madonna another chance to amend his Complaint. Mr. Madonna then filed a Second Amended Complaint, and once again both Defendants moved to dismiss. Mr. Madonna opposes both motions.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.*

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citation and internal quotation marks omitted). Thus, assessment of the sufficiency of a complaint is "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010).

In evaluating the sufficiency of a complaint, the court adheres to certain well-recognized parameters. For one, the court "must consider only those facts alleged in the complaint and

accept all of the allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *see also Twombly*, 550 U.S. at 555 (stating that courts must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). The Court also must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the nonmoving party. *See Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010). That admonition does not demand the Court turn its back on reality. The Court "need not accept as true unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citations and internal quotation marks omitted), and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678; *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (explaining that a court need not accept a plaintiff's "bald assertions" or "legal conclusions" (citations omitted)). Finally, "if a [claim] is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).

**DISCUSSION**

Mr. Francisco and AvanuOne present similar arguments, in that they both assert that (1) the doctrine of claim preclusion bars Mr. Madonna's suit, and that (2) Mr. Madonna's suit is

barred by the statute of limitations. They also each argue that Mr. Madonna has failed to state a claim against them. The Court will address the first two common arguments, and then will address the asserted pleading deficiencies as to each individual Defendant.

### A. Claim Preclusion

As to their first argument, the Defendants are correct that claims in a second suit are barred when a defendant establishes that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *See Lubrizol Corp. v Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). The Court agrees that Mr. Madonna would be prevented from relitigating the issues presented in the state court lawsuit, if that was what he was trying to do.[1] It does not, however, appear that that *is* what Mr. Madonna seeks to do in this lawsuit. Rather, he is attempting to enforce a judgment obtained in a prior suit against other parties by piercing the corporate veil and/or asserting successor liability. Thus, this case does not meet the third prong of the test, as it is not a subsequent suit based on the same cause of action. Moreover, if the Court were to apply the doctrine of claim preclusion here, and if Defendants really are in privity with the Kinesis entities, the doctrine of claim preclusion would actually work against Defendants, given that Mr. Madonna was successful in the underlying state court lawsuit. As to the unjust enrichment claim, Mr. Madonna appears to allege that the Defendants are still benefitting from his uncompensated labor on behalf of Kinesis, and it is unclear whether this continued benefit is

---

[1] Mr. Francisco does seem to acknowledge that a veil-piercing claim that was timely and adequately pleaded would not be barred by claim preclusion. He insists, however, that any other claim seeking the same relief sought in the first action would be barred. The Court need not speculate as to what other claims would or would not be barred in this suit, however, because Mr. Madonna did bring a veil-piercing claim.

completely encompassed by the contract action brought in state court. At this time, then, the Court will not dismiss that cause of action on claim preclusion grounds.

### B. Statute of Limitations

As to the second argument, Defendants argue that Mr. Madonna's "enforcement" claims against them are either fraud claims or sound in fraud, that the alleged fraud occurred more than two years ago, and that therefore the claims are barred by the statute of limitations. Although Mr. Madonna does allege that Mr. Francisco and possibly AvanuOne committed fraudulent acts, the claims do not appear to be fraud claims, and Mr. Madonna confirms this in his opposition.[2] Rather, as noted above, Mr. Madonna brings claims to enforce the previously obtained state court judgment against Mr. Francisco by endeavoring to pierce the corporate veil and against AvanuOne by asserting successor liability.

---

[2]  The Defendants understandably argue that the Second Amended Complaint tries to advance a fraud claim by repeated stating that Mr. Francisco defrauded Mr. Madonna. Certainly such allegations sound like Mr. Madonna is asserting a fraud claim, at least against Mr. Francisco. After oral argument on the previous round of motions to dismiss and after reviewing Mr. Madonna's opposition to the present motions, it does not appear that this is the case, however. To the extent that fraud-like allegations are pleaded, they may very well be relevant instead to the effort to try to pierce the corporate veil.

Mr. Francisco argues that there is no such thing as an enforcement action that does not include the judgment debtor as a party and, furthermore, that this cannot be an enforcement action because Mr. Madonna has not sought a writ of execution pursuant to Federal Rule of Civil Procedure 69. As to the first argument, if Mr. Madonna is able to present grounds sufficient to pierce the corporate veil or to demonstrate successor liability, the Defendants will stand in the same shoes as the Kinesis entities, making an enforcement action an appropriate vehicle. Indeed, although rare, there are reported Pennsylvania cases in which judgment creditors file independent lawsuits seeking to do just that. *See, e.g., Fletcher-Harlee Corp. v. Szymanski*, 936 A.2d 87, 96 (Pa. Super. 2007) (action to enforce state court judgment by piercing the corporate veil filed against dominant shareholder); *cf. Essex Ins. Co. v. Miles*, Civil Action No. 10-3598, 2010 WL 5069871 (E.D. Pa. Dec. 3, 2010) (stand-alone action to collect on a federal judgment by piercing the corporate veil). As to Rule 69, the judgment here is a state court judgment, not a federal court judgment, so even if Rule 69 would apply to a proceeding to pierce the corporate veil to enforce a federal judgment, Rule 69 does not apply to actions involving state court judgments. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 3011 (3d Ed. updated 2013) ("Rule 69 applies only to money judgments of the federal court. . . . Rule 69 has no application to state-court judgments.").

7

Piercing the corporate veil is not a cause of action unto itself; rather it is an equitable doctrine used to remove the protection of the corporate form in cases where justice so requires. *Fletcher-Harlee Corp. v. Szymanski*, 936 A.2d 87, 96 (Pa. Super. 2007) (holding, in a case in which a judgment creditor sued a dominant shareholder, in part, to enforce a judgment obtained against a corporation, that "[p]iercing the corporate veil is a means of assessing liability for the acts of a corporation against an equity holder in the corporation . . . In deciding whether to pierce the corporate veil, courts are basically concerned with determining if equity requires that the shareholders' traditional insulation from personal liability be disregarded and with ascertaining if the corporate form is a sham, constituting a façade for the operations of the dominant shareholder.") (internal quotation omitted). The proper statute of limitations to apply to a piercing the corporate veil claim depends, then, on the claim against the corporation for which the plaintiff seeks to hold someone else liable. *See, e.g., Genesis Underwriting Mgmt. Co. v. Ins. Mgmt. & Servs., Inc.*, 22 Pa. D & C 4th 119, 121 (Pa. Com. Pl. 1994) (applying two-year statute of limitations when claims underlying veil-piercing action were fraud and breach of fiduciary duty). Here, Mr. Madonna seeks to hold Mr. Francisco liable for the judgment entered against the Kinesis entities.

Although there are no Pennsylvania cases spelling out which statute of limitations to use in a veil-piercing claim to enforce a judgment – the statute of limitations for the original cause of action against the corporation or the statute of limitations for enforcement of a judgment – courts in other jurisdictions addressing this very issue treat the claim underlying the veil-piercing theory as one to enforce a judgment and, accordingly, apply the statute of limitations for enforcement actions. *See, e.g., William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 608 F. Supp. 1261, 1264 (S.D.N.Y. 1985) ("A plaintiff may attempt to enforce a judgment against

individuals or corporations allegedly controlling the judgment debtor using a theory of piercing the corporate veil. . . . Under the *alter ego* and instrumentality theories the corporation and those who have controlled the corporation are treated as but one entity. Thus, the statute of limitations applicable to the corporation should apply to those who are using the corporation as an instrumentality. The action accrued against both the corporation and any *alter egos* when the judgment was entered.") (internal citations omitted). Under Pennsylvania law, "[a]n action upon a judgment or decree of any court of the United States or of any state" must be commenced within four years. 42 Pa. C.S.A. § 5525(a)(5). The state court judgment in question here was entered less than four years ago, and thus the enforcement claim against Mr. Francisco is timely.

As to the successor liability claim against AvanuOne, the same reasoning that applies to determining the correct statute of limitations for a veil-piercing claim would apply to a successor liability claim. As with piercing the corporate veil, successor liability is simply a means of putting another party in the same shoes as the party against whom a plaintiff has a claim. Again, no Pennsylvania court appears to have ruled on this issue, but other courts have. *See, e.g., Davila v. Magna Holding Co.*, No. 97 C 1909, 1998 WL 578032, at *5 -6  (N.D. Ill. Sept. 3, 1998) (holding that the statute of limitations for a successor liability claim "would best be found in the limitations period of the underlying claim—here, the enforcement of the . . . judgment" and applying Illinois's statute of limitations pertaining to the enforcement of a judgment). Again, then, using this same rubric, Mr. Madonna's claim is timely.

### C. Pleading Sufficiency

#### 1. Mr. Francisco

The Court will now address the Defendants' pleading sufficiency arguments in turn. Mr. Francisco argues that Mr. Madonna has failed to plead facts sufficient to pierce the corporate

veil.  To pierce the corporate veil under Pennsylvania law, a court considers factors such as "undercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud."  *Lumax Indus. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995).  Mr. Francisco contends that the only facts with respect to veil piercing that Mr. Madonna asserts are that he was not paid, that Mr. Francisco collected payroll deductions without paying them to the appropriate authorities, and that Mr. Francisco used Kinesis money to pay his son's tuition.  Virtually all of the other allegations that relate to piercing the corporate veil are pleaded "on information and belief," and are merely conclusory recitations of the factors that courts consider in determining whether a corporate veil should be pierced.  Mr. Madonna responds to Mr. Francisco's argument by asserting that he has pleaded enough facts relating to Mr. Francisco's fraudulent conduct to survive a motion to dismiss, even under the higher pleading standards of Rule 9(b).

Mr. Madonna's veil-piercing allegations are insufficient.  The actual facts pleaded in the Second Amended Complaint relating to piercing the corporate veil are sparse, and "legal conclusions couched as . . . factual allegations" are insufficient to survive a Rule 12(b)(6) motion.  *See Essex Indus.*, 2010 WL 5069871, at *3 (dismissing veil-piercing claim when the bulk of the allegations were "on information and belief" and recited the factors pertinent to veil-piercing in conclusory fashion).  Allegations that Mr. Francisco failed to forward payroll deductions to the proper authorities, failed to pay Mr. Madonna after promising payment, and "on information and belief" used company money for his son's tuition, although relevant to the inquiry, do not come close to meeting the high bar set by Pennsylvania courts to pierce the corporate veil.  The Court will therefore dismiss the veil-piercing count (Count II) against Mr. Francisco.

Mr. Francisco argues that Mr. Madonna, having had two opportunities to amend already, should not be granted a third opportunity to amend. However, given that this is the first time that the Court has addressed the substance of Mr. Francisco's argument that Mr. Madonna failed to state a veil-piercing claim, the Court will give Mr. Madonna an opportunity specifically to cure this pleading deficiency.

### 2. AvanuOne

AvanuOne states that Mr. Madonna failed to state a claim against it because Mr. Madonna "has not asserted any statutory provision regarding the authority of this Honorable Court to grant 'enforcement of a state court judgment'" against AvanuOne in Count I of his pleading. It goes on to argue that Mr. Madonna failed to "state []or reference any statute or case law providing this Honorable Court with jurisdiction." In response, Mr. Madonna argues that a successor corporation can be held liable for the debts of a purchased entity under certain circumstances. *See Bostick v. Schall's Brakes & Repairs, Inc.*, 725 A.2d 1232 (Pa. Super. 1998); *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 4469 (3d Ed. updated 2013) (stating that "[t]he most direct consequence of applying the full faith and credit statute is that a federal court must enforce a state court judgment when an action is brought for that purpose."). Moreover, "under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011). As AvanuOne has not actually attacked the sufficiency of the substance of Mr. Madonna's successor liability claim by citing to any legal authority or even making any legal argument, the Court will not undertake to fashion an argument for it.

As to AvanuOne's contention calling into question the Court's jurisdiction over this matter, the Court has already addressed the question of subject matter jurisdiction in previous orders, and, apart from a bald statement questioning jurisdiction, in its current motion AvanuOne has not made any legal argument that would actually implicate the Court's jurisdiction over this matter. Thus, the Court will deny AvanuOne's motion.

**CONCLUSION**

For the foregoing reasons, the Court will deny AvanuOne's motion to dismiss and deny in part and grant in part Mr. Francisco's motion to dismiss. An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE